UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ANTHONY WARD,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:24-CV-05034-RAL<br><br>OPINION AND ORDER DISMISSING PETITION FOR WRIT OF *CORAM NOBIS* AND DENYING RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT |

Petitioner Antony Ward has commenced this action requesting that this Court set aside his recent judgment of conviction for distribution of a controlled substance resulting in serious bodily injury and conspiracy to distribute a controlled substance. But a review of the procedural status of his underlying criminal case demonstrates that Ward's collateral attack on his underlying criminal conviction is premature and must be dismissed without prejudice.

**Procedural Background**

Ward was charged with one count of distribution of a controlled substance resulting in serious bodily injury and one count of conspiracy to distribute a controlled substance. United States v. Ward, 5:22-CR-50073-KES, Doc. 265 (hereinafter "CR Doc."). A jury trial was held on February 20, 2024, through February 26, 2024. The jury returned a guilty verdict on both counts. CR Doc. 313. After the verdict, Ward filed a motion for acquittal and/or motion for new trial. CR Doc. 315. The trial judge, the Honorable Karen E. Schreier, denied Ward's motion, CR Doc. 324, and sentenced him to 360 months of imprisonment on each count, to run concurrently, CR Doc. 337. On May 22, 2024, Ward filed a notice of appeal from his judgment of conviction and

sentence. CR Doc. 342. On May 21, 2024, the day before he filed his notice of appeal, Ward commenced this action seeking a writ of *coram nobis* or, in this alternative, relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(2). See Doc. 1.

## Discussion

I.  **Writ of *Coram Nobis***

Ward captioned his pleading as a "Writ of Coram Nobis or Writ of Error pursuant to the All Writs Act, 28 U.S.C. § 1651[.]" Doc. 1. A writ of error *coram nobis* is an "ancient common law remedy that modern federal courts are authorized to issue under the All Writs Act, 28 U.S.C. § 1651(a)." *Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018). "[C]ustody is the only substantive difference between *coram nobis* and habeas petitions." Id. at 956. On May 17, 2024, when Ward was sentenced, he was remanded to the custody of the United States Marshal. CR Doc. 337 at 2. Because he is in federal custody, Ward may not seek relief under a *coram nobis* writ. *See United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000); *see also Baranski*, 880 F.3d at 956. Petitioners may only file a *coram nobis* writ if they have no other available or effective remedy. *See United States v. Payne*, 644 F.3d 1111, 1112-13 (10th Cir. 2011) (collecting cases). In this case, Ward has a pending direct appeal, and if his direct appeal is not successful, he may challenge his conviction and sentence under 28 U.S.C. § 2255. Thus, he may not seek a *coram nobis* writ. *See id.*; *Noske*, 235 F.3d at 406. Ward's petition for writ of *coram nobis* is denied.

II. **Rule 60(b)(2) Motion for Relief from Judgment**

Ward moves, in the alternative, to set aside his conviction pursuant to Federal Rule of Civil Procedure 60(b)(2). Doc. 1 at 17–22. The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts[.]" Fed. R. Civ.

2

P. 1. Thus, Rule 60(b)(2) permits the court, in certain circumstances, to relieve a party from a final civil judgment. Ward seeks relief from a criminal judgment of conviction, but Rule 60(b)(2) does not authorize this Court to relieve Ward from a criminal conviction. Ward's Rule 60(b)(2) motion for relief from judgment is denied.

### III.    28 U.S.C. § 2255

In this proceeding, Ward seeks to set aside his underlying conviction, but even if the Court construes his pleading as motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, it plainly appears from the motion and the record of the underlying criminal proceeding that the § 2255 motion is premature. Ward may not proceed with a § 2255 motion while his direct appeal remains pending. See United States v. Jagim, 978 F.2d 1032, 1042 (8th Cir. 1992) ("Because Ziebarth filed this motion while his direct appeal was pending before this Court, the District Court properly dismissed the section 2255 motion as prematurely filed."). If Ward's conviction and sentence is affirmed on direct appeal, he may file a § 2255 after his judgment of conviction becomes final, subject to the limitations period set forth in 28 U.S.C. § 2255(f).

### IV.    Conclusion

Accordingly, it is

ORDERED that this action is dismissed without prejudice to Ward filing a § 2255 motion after his judgment of conviction becomes final. It is further

ORDERED that Ward's motion for leave to proceed in forma pauperis, Doc. 2, and

motion to appoint counsel, Doc. 3, are denied as moot.

DATED this 11th day of June, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE